**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| MARIE M ETIENNE SEVERE,<br><br>Plaintiff,<br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>A foreign corporation,<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File No:<br>5:25-cv-00434-MTT |

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND FORMAL REQUEST FOR LEAVE TO AMEND</u>**

Comes Now Plaintiff, Marie M Etienne Severe ("Plaintiff" hereafter), by and through undersigned counsel, and hereby files this Response in Opposition to the Defendant's, State Farm Fire and Casualty Company (hereafter "State Farm" or the "Insurance Company") Motion to Dismiss, and states as follows:

## I. INTRODUCTION

The instant case stems from a first-party property claim that occurred on or about August 30, 2024, while the Policy was in full force and effect. The Property

sustained a covered loss as a result of a windstorm (the "Loss") (Complaint ¶7). The Insured promptly and timely notified the Insurance Company of the damage to the home and made a claim pursuant to the Policy. As a result, the Insurance Company assigned claim number 11-73H4-40C to the Loss and assigned an agent to investigate the Insured's claim for damage (Complaint ¶9). The adjuster was authorized as the Insurance Company's representative and agent for purposes of the Loss. On or about September 23, 2025, the Insurance Company, through its authorized representative and agent, acknowledged coverage of the Loss; yet breached the Policy by failing to fully indemnify the Insured (Complaint ¶13). As a result, Plaintiff filed a Complaint against the Insurance Company for the damages for the breach of contract pursuant to the insurance policy between the parties. Plaintiff amended the Complaint on November 7th, 2025 for which the Defendant now seeks to dismiss.

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. Plaintiff Has Satisfied the Pleading Requirements Necessary to Survive a Rule 12(b)(6) Motion.

Generally, under the Federal Rules of Civil Procedure, a complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. (8)(a)(2). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but must give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). Additionally, Complaints must satisfy only the simple requirements of Fed. R. Civ. P. 8(a). Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Fed. R. Civ. P. 9(b) for example, provides for greater particularity in all averments of fraud or mistake. *Id*.

"Under the Twombly standard for evaluating motions to dismiss for failure to state a claim, a complaint does not need detailed factual allegations, but those allegations made must be enough to raise a right to relief above the speculative level. Twombly does not impose a probability requirement at the pleading stage but rather simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of a necessary element." *Nat'l Renal All., LLC v. Blue Cross & Blue Shield of Ga., Inc*., 598 F. Supp. 2d 1344 (N.D. Ga. 2009)

Federal courts have made clear that although a Rule 12(b)(6) motion to dismiss imposes a plausibility requirement, that standard does not call upon the Court to determine the probability that the plaintiff will ultimately prevail. Rather, the inquiry is limited to whether the complaint contains sufficient factual allegations which, when taken as true and viewed in the light most favorable to the plaintiff, state a plausible claim for relief.

Here, Defendant improperly attempts to push the Rules of Civil Procedure beyond their intended purpose by seeking a premature adjudication of the merits at the pleading stage, where trial is not yet before the Court. As set forth above, federal law is well settled on this issue. Moreover, because this action is grounded in Georgia contract law, Georgia pleading standards likewise govern and similarly make clear that a plaintiff is not required to plead a perfect case, only one sufficient to give fair notice of the claim and its grounds.

"The purported failure to allege certain elements of a cause of action set forth in the complaint does not mandate dismissal because it is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. The issue is not whether the complaint is perfectly pled but whether it sufficiently gave the defendant fair notice of the claim and a general indication of the type of litigation involved." *AG Res. Mgmt., LLC v. Mundy, Inc.*, A25A1450, 920 S.E.2d 486 (2025). The Court went on to say in *Depository Tr. & Clearing Corp. v. Jones*, 348 Ga. App. 474, 823 S.E.2d 558 (2019), "Minimum pleading requirements are found in O.C.G.A. § 9-11-8(a)(2)(A), which requires that the complaint contain a short and plain statement of the claims showing that the pleader is entitled to relief, and the appellate court has held that the touchstone is fair notice-this short and plain statement must include enough detail to

afford the defendant fair notice of the nature of the claim and a fair opportunity to frame a responsive pleading."

The law is not ambiguous on this point. A complaint is not required to set forth every factual detail or every conceivable legal theory, nor must it attach supporting documentation at the pleading stage, as Defendant urges this Court to require. Defendant has been provided fair notice of the claims asserted and a fair opportunity to make a responsive pleading. Accordingly, the "short and plain statement" requirement has been more than satisfied, and the plausibility standard is likewise met.

**B. Motion To Dismiss Standard**

> "…a court must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court. The pleading standard in Georgia is lower than the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under Georgia law, fair notice of the nature of the claim is all that is required, and the elements of most claims can be pled in general terms. Pleading conclusions, rather than facts, may be sufficient to state a claim for relief. Moreover, even when a plaintiff fails to conform to these requirements, the proper remedy is not a dismissal or judgment on the pleadings, but to allow the plaintiff to amend the complaint and provide a more definite statement unless the complaint's allegations disclose with certainty that

no set of facts consistent with the allegations could be proved that would entitle the plaintiff to the relief he seeks." *Ullah v. BAC Home Loans Servicing LP*, 538 F. Appx 844 (11th Cir. 2013)

### C. **Permitting Amendment Will Not Prejudice Defendant and Serves the Interests of Justice.**

"A district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed. R. Civ. P. 15(a), which directs that leave to amend shall be freely given when justice so requires. " *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001). Furthermore, absent any showing of prejudice to Defendants or bad faith on the part of Plaintiff, denial of leave to amend is not warranted. *Id.*

Although courts may deny leave to amend after the expiration of the 21-day period where (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by prior amendments; (2) the proposed amendment would cause undue prejudice to the opposing party; or (3) the amendment would be futile, none of those circumstances are present here.

Plaintiff has not engaged in undue delay or bad faith. Defendants will suffer no prejudice from the amendment, and the proposed amendment is not futile. Accordingly, leave to amend should be freely granted.

In *Burger King Corp. v. Weaver*, 169 F.3d 1310 (11th Cir. 1999), the Court articulated the standard for what constitutes undue delay as follows:

> "Delay is undue where both the parties and the court were fully prepared for trial, and the addition of a new claim would have reopened the pretrial process and delayed the trial, and where the plaintiff's attorney had sufficient opportunity to request a timely amendment before the pretrial order had been submitted. Courts have also found delay to be undue where the motion for leave to amend was filed 30 months after the original complaint and three weeks before trial, where the only apparent reason for the delay was the plaintiff's retention of a new attorney."

In the present case, none of the factors that would justify denial of leave to amend are present. In *Burger King Corp. v. Weaver*, the plaintiff sought to add additional claims approximately forty months after the original filing of the counterclaim. Distinguishing here, Plaintiff's original Complaint was filed in the Superior Court of Houston County on August 12, 2025, and subsequently removed to this Honorable Court. The Amended Complaint, Defendant now seeks to dismiss, was filed on November 7, 2025, after approximately three months, which falls well short of the forty-month delay at issue in *Burger King*.

Moreover, unlike *Burger King*, no trial date has been set in this matter. In *Burger King*, the plaintiff sought leave to amend on the eve of trial, whereas Plaintiff here seeks amendment at an early stage of the litigation. Plaintiff's request is made in good faith and for the limited purpose of curing any alleged pleading deficiencies, not for any dilatory, strategic, or improper purpose. Therefore, an amendment at this stage would not prejudice the Defendant and should be freely permitted in the interest of justice.

**D. District courts have broad discretion to allow pleading amendments even when a party does not formally request leave.**

"We have previously held that district courts have broad discretion to allow pleading amendments even when a party does not formally request leave." *Pinnacle Advert. & Mktg. Grp. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Additionally, Rule 15 allows amendment with the court's leave and emphasizes that district courts should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). *Id.*

Furthermore, "While allowing an amendment is a discretionary decision, district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute. Rule 15's policy of liberally permitting amendments to facilitate the determination of claims on the merits circumscribes the exercise of the district court's discretion. Leave to amend should be freely given when justice so requires unless there is an apparent or declared reason to deny it, such as undue prejudice to the opposing party." *Id.* The Eleventh Circuit has made clear that district courts should lean strongly in favor of allowing amendments and that denial of leave may constitute an abuse of discretion where no undue prejudice is shown.

In *Pinnacle*, the court rejected the argument that a late amendment made just ten days before trial was unduly prejudicial, emphasizing that prejudice does not exist

where the opposing party is already prepared to litigate overlapping issues, was on notice of the substance of the amendment, and cannot articulate how its trial preparation would have differed had the amendment been made earlier. The court further noted that the defendant's failure to seek a continuance or reopen discovery undermined any claim of prejudice. Accordingly, the district court did not abuse its discretion in allowing the amendment.

Here, unlike *Pinnacle*, Plaintiff's amendment does not add new claims or expand the scope of litigation. Instead, Plaintiff amended the Complaint to withdraw the bad faith claim, thereby narrowing the issues before the Court and reducing Defendant's litigation burden.[1] Because the amendment limits rather than enlarges the claims Defendant must defend, Defendant cannot plausibly demonstrate undue prejudice, therefore this court should deny their motion to dismiss the Amended Complaint in the interest of justice as it did in *Pinnacle*.[2]

---

[1] Quoted in footnote 8 of the case, "Pinnacle Illinois argues that because the district court amended the cancellation counterclaim in its order denying Pinnacle Illinois's motion to dismiss, we should review the district court's decision *de novo*. We disagree. Although Pinnacle Florida did not move to amend under Rule 15, the district court construed its stated intent to do so—coupled with its submission of a proposed amended counterclaim—as a motion for leave to amend. The district court exercised its discretion when it allowed Pinnacle Florida to amend its counterclaim, so we will apply the usual abuse-of-discretion standard." *Pinnacle Adver. & Mktg. Grp. v. Pinnacle Adver. & Mktg. Grp., LLC*, 7 F.4th 989, 999

[2] *See Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406-07 (11th Cir. 1989) (explaining that Rule 15's policy of "liberally permitting amendments to facilitate [the] determination of claims on the merits circumscribes the exercise of the district court's discretion"). Leave to amend should be "freely given when justice so requires" unless there is an "apparent or declared reason" to deny it such as "undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006).

### E. **Well-Settled Rule 15 Principles Favor Liberal Amendment and Adjudication on the Merits**

Courts routinely favor resolving claims on their merits rather than disposing of them on procedural technicalities, a well-settled principle underlying Rule 15. *See Pinnacle Adver. & Mktg. Grp. v. Pinnacle Adver. & Mktg. Grp., LLC*, 7 F.4th 989, 995 (2021). *See also Shipner v. E. Air Lines, Inc.*, 868 F.2d 401 (11th Cir. 1989), that states, "This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."

The Federal Rules of Civil Procedure reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. The Federal Rules of Civil Procedure reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. *Foman v. Davis*, 371 U.S. 178, 179, 83 S. Ct. 227, 228 (1962)

As stated in *Shipner*, *Pinnacle*, and *Foman*, federal precedent makes clear that Rule 15 embodies a strong policy favoring decisions on the merits rather than

dismissal based on procedural technicalities. Those decisions recognize that district courts retain discretion to permit amendment even where leave is not formally requested, and that pleading deficiencies should ordinarily be cured through amendment, not dismissal, absent a substantial reason to deny leave. Consistent with that authority, Plaintiff acknowledges that a formal motion for leave to amend was not previously filed and seeks to cure that omission in this response. Plaintiff respectfully requests that the Court exercise its discretion to allow amendment so that this action may be resolved on the merits, rather than dismissed based on a technical failure to formally request leave.

### F. Plaintiff withdraws any request for Attorney's Fees pursuant to O.C.G.A. § 33-4-6

Because the Amended Complaint removes the bad faith claim, Plaintiff withdraws any request for attorney's fees pursuant to O.C.G.A. § 33-4-6, consistent with both the statute and the liberal amendment principles recognized in the Eleventh Circuit.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) should be denied. Additionally, "Fed. R. Civ. P. 15(a) provides that leave to amend a party's pleading shall be freely given when justice so requires. In the absence of any apparent or declared reason, such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of an amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given" *Tech. Res. Servs. v. Dornier Med. Sys.*, 134 F.3d 1458 (11th Cir. 1998).

Plaintiff further concedes the withdrawal of any request for attorney's fees pursuant to O.C.G.A. § 33-4-6. Accordingly, the Amended Complaint should be permitted to stand, and Defendant's request for dismissal should be denied.

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| MARIE M ETIENNE SEVERE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action File No: |
| | ) | 5:25-cv-00434-MTT |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| A foreign corporation, | ) | |
| | | |
| Defendant. | | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 30, 2026, the foregoing document is being served via electronic mail on this day to all counsel of record or pro se parties as identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

*/s/ Shandria Brown*
Shandria Brown, Esq.
GA Bar No.: 756215
**YOUR INSURANCE ATTORNEY, PLLC**

3384 Peachtree Rd NE, Suite 250
Atlanta, GA 30326
P: 888-570-5677 D: 678-830-2182
F: 888-881-1075
Email: SBrown@yourinsuranceattorney.com
*Attorney for Plaintiff*

**SERVICE LIST**

**Counsel for Defendant**

**YOUNG, THAGARD, HOFFMAN, LL**
J. Holder Smith, Jr.
P.O. Box 3007
Valdosta, GA 31604 State Bar No.: 661105
229-242-2520 Attorney for Defendant
229-242-5040 fax State Farm Fire and Casualty
jaysmith@youngthagard.com Company